ALCOMA CITRUS COOPERATIVE, INDEMNITY INSURANCE COM-
PANY OF NORTH AMERICA and FLORIDA INDUSTRIAL COM-
MISSION, v. JOHNNIE ISOM.

30 So. (2nd) 528                                    January Term, 1947
May 20, 1947                                        Special Division B

*Leroy B. Giles,* for appellants.

*Oxford & Oxford,* for appellee.

BUFORD, J.:

Appeal brings for review judgment of the Circuit Court affirming an award made in a workmen's compensation case by Florida Industrial Commission. The first contention of the appellant is based upon its question as follows:

"May the Circuit Court, sitting as an appellate court under the Workmen's Compensation Act, on the second appeal of the same case to the Circuit Court, reconsider and reverse itself on a question of law that was decided by the Circuit Court on the first appeal and from which no appeal was taken to the Supreme Court?"

Appellant has insisted vigorously that the doctrine of "the law of the case" applies here. If the premise of the appellant that the Circuit Court was sitting as an appellate court in hearing and determining this cause was correct its conclusion might be correct but the premise is not in accord with the facts. Such proceedings do not constitute a judicial "case" until brought into the Circuit Court by appeal. As a judicial proceeding it is an original one in the Circuit Court. See

south Atlantic S. S. Co. of Delaware v. Tutson, 139 Fla. 405; 190 So. 675; also McGreggor v. Prov. Tr. Co., 119 Fla. 718, 162 So. 323.

In such cases the Circuit Court acts as a court of original jurisdiction and the Supreme Court is the appellant court authorized to review the judgment of the Circuit Court. The doctrine of the law of the case applies only to judgments and decrees of appellate courts and, therefore, was not applicable to the order made by the Circuit Court when this case was first before it on appeal and the Circuit Court was not bound on the second appeal to adhere to the order made on the first appeal which on the second appeal the court deemed not to be supported by the record as it appeared on the second appeal.

The other questions presented on this appeal have been disposed of adversely to the contention of the appellants by our opinion and judgment in the case of Dobson v. Stewart, 153 Fla. 693, 15 So. (2) 481.

Therefore, the judgment should be affirmed and it is so ordered.

THOMAS, C. J., ADAMS, J., and KANNER, Associate Justice, concur.