118 So.2d 6 (1960)
STATE of Florida et al., Appellants,
v.
Al W. FUREN et al., Appellees.
Supreme Court of Florida.
February 5, 1960.
*7 Richard W. Ervin, Atty. Gen., Ralph M. McLane, Asst. Atty. Gen., and T.M. Shackleford, Jr., Tampa, for State of Florida; Knight Guild Aulsbrook for The Alliance for Conservation of Natural Resources in Pinellas County, Florida; Daisy K. Edwards, Edward F. Brantley, Mary R. Tracy and Floyd L. Brown; Noble C. Doss, Gulfport, for City of Gulfport, Fla., appellants.
Keen, O'Kelley & Spitz, J. Velma Keen, Charles H. Spitz, Tallahassee, and J. Hardin Peterson, Lakeland, for appellees.
PER CURIAM.
Chapter 31182, Special Acts of 1955, created the Pinellas County Water and Navigation Control Authority and defined its powers and duties. It will hereinafter be referred to as the County Authority. Pursuant to said Act appellees applied to the County Authority for a permit to fill certain submerged lands in Boca Ciega Bay. The County Authority referred the application to an examiner who took testimony and recommended that the permit be granted. Appellants and others excepted to the examiner's recommendation but their exceptions were overruled by the County Authority. A petition for rehearing was denied and prior to July 1, 1957, an appeal was taken to the Circuit Court of Pinellas County which court affirmed the order of the County Authority.
From the order of the Circuit Court, an appeal was taken to the District Court of Appeal, Second District, which on consideration of a motion to dismiss the appeal, ruled that it did not have the authority to entertain the appeal as such but that it could and would treat it as a petition for certiorari. Alliance for Conservation of Natural Resources in Pinellas County v. Furen, Fla.App. 1958, 104 So.2d 803. The basis for this holding was the court's decision that the Circuit Court, in reviewing the decisions of the Pinellas County Water and Navigation Control Authority, was sitting in its appellate capacity and that the District Court of Appeal had no jurisdiction of an appeal from the Circuit Court acting in such capacity. Section 5(3), Article V, Florida Constitution, F.S.A.
The first question presented here has to do with our jurisdiction to entertain the instant appeal. Article V, Section 4, Florida Constitution, contains the jurisdictional provisions governing the Supreme Court *8 and the pertinent part of subsection (2) thereof provides:
"Appeals from district courts of appeal may be taken to the supreme court, as a matter of right, only from decisions * * * initially construing a controlling provision of the Florida or federal constitution."
The jurisdiction of the district courts of appeal is also set out in Article V, and Section 5(3) provides:
"Jurisdiction. Appeals from trial courts in each appellate district, * * may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court."
Appellees contend that this court does not have jurisdiction of the cause because (1) the District Court of Appeal did not initially construe a controlling provision of the Florida Constitution; (2) when appeal was taken to the Circuit Court of Pinellas County the Circuit Court was an appellate court and there being no method of review to any other court, the Circuit Court was the final appellate court, subject to review by a superior court by certiorari, there being no authority for an appeal to the Supreme Court; (3) the attempted appeal to the Supreme Court is from an order of the District Court of Appeal, Second District, dated February 25, 1959, but it actually seeks to review said court order effective August 1, 1958, in which appellants acquiesced.
The interlocutory order on the motion to dismiss referred to above was reaffirmed by the final judgment of the District Court in Alliance for Conservation of Natural Resources in Pinellas County v. Furen, Fla. 1959, 110 So.2d 55, from which final judgment the present appeal was prosecuted. The District Court necessarily construed the term "trial court," which term controlled its decision as to whether it would review the action of the Circuit Court by way of appeal or certiorari. Such being the controlling provision of the Constitution, we hold the words "initial construction" as having reference to the construction given by the Second District Court in the case at hand and not that purportedly given by that court or any other District Court in some prior case, as suggested by appellees. We think that there can be no question about the jurisdiction of this court to adjudicate the question raised. This adjudication is supported by P.C. Lissenden Co., Inc., v. Board of County Commissioners of Palm Beach County, Fla., 116 So.2d 632.
We turn now to the crucial question in this case, towit: Was the District Court correct in holding that when the Circuit Court of Pinellas County reviewed and approved the order of the Pinellas County Water and Navigation Authority it sat not as a "trial court" but as an appellate court, so that no appeal could be taken to the District Court of Appeal, Second District, under Article V, Section 5(3), Florida Constitution?
Appellants contend that when the Circuit Court reviewed the order of the County Authority it was sitting as a trial court and we think this is correct. Chapter 31182, § 8(e), Special Acts of 1955, authorizes anyone who is aggrieved by the Board's ruling to file a petition for rehearing and states that they "shall have the right to have the entire cause reviewed by the Circuit Court of the Sixth Judicial Circuit (Court) of Florida in and for Pinellas county as provided by law for other appeals to the Circuit Court." No other specification for review of the "entire cause" is contained in the Act so we must look to other acts of the legislature and decisions of this court for instructions to review such orders.
This court has repeatedly held that where statutory administrative proceedings are had before administrative officers, boards, commissions or other tribunals, with statutory appeals to the circuit courts, such *9 proceedings do not appear in the judicial department of the state government as a judicial "case" until they are brought to the circuit court by appeal; therefore, the "case" may be fairly regarded as originating in the circuit court through a statutory appeal from the administrative board as much as it would be so originating in the circuit court by injunction, certiorari or other original writ. South Atlantic S.S. Co. of Delaware v. Tutson, 1939, 139 Fla. 405, 190 So. 675; Duval Engineering & Contracting Co. v. Johnson, 1944, 154 Fla. 9, 16 So.2d 290; Alcoma Citrus Cooperative v. Isom, 1947, 159 Fla. 10, 30 So.2d 528.
These cases consistently support the reasoning that the Circuit Court sat as a trial court when it reviewed the "entire cause" on appeal from the order of the County Authority. Reason and logic also support this conclusion. Such proceedings before boards and commissions are so often conducted without regard to proper decorum or observance of the rules for introduction or consideration of evidence that the work of the circuit court consists largely in preparing an intelligent and orderly "case" for review by the appellate court. Reviewing the "entire cause" connotes consideration of every aspect of it by the circuit court.
In his dissenting opinion in this case, commencing at 110 So.2d 64, Associate Judge L.L. Parks points out other good and sufficient reasons for holding that the Circuit Court was sitting as a trial court. The cases Judge Parks cites and discusses will not be treated in this opinion because some of them have to do with the area of review by certiorari which we are now confronted with in other cases, but as to cases like this, he correctly concludes that trouble would be obviated by characterizing review by the Circuit Court of administrative action as trial rather than appellate in nature.
Appellees have cited and discussed In re Smith, Fla. 1954, 74 So.2d 353; Florida Hotel and Restaurant Commission v. Dowler, Fla. 1958, 99 So.2d 852; Codomo v. Shaw, Fla. 1958, 99 So.2d 849, to offset the contention of appellants on this point. We have given careful consideration to these cases but we do not think they have the scope and effect appellees give them. Moreover Codomo v. Shaw, supra, is not applicable herein in any event because the subject matter of this litigation was presented to the Circuit Court before the effective date of Amended Article V and of Florida Appellate Rule 4.1, 31 F.S.A.
The following are pertinent portions of the Florida Statutes, F.S.A., the Florida Constitution and the Florida Rules of Appellate Procedure which are germane to the jurisdictional issues. All emphasis has been supplied.
"475.35 Appeals to circuit court. 
"(1) The defendant may appeal from a final order of the [real estate] commission to the circuit court of the county from which he applied for registration, if an applicant, and registration has been denied, or, if the defendant is a registrant and his registration has been revoked or suspended, the county from which the records of the commission show him to be registered at the time the information is filed. * * *"
Section 6, Article V, Constitution of the State of Florida, F.S.A.:
"(3) Jurisdiction. * * * They [circuit courts] shall have original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the legislature may provide. They shall have final appellate jurisdiction in all civil and criminal cases arising in the county court, or before county judges' courts, of all misdemeanors tried in criminal courts of record, and of all cases arising in municipal courts, small claims courts, and courts of justices of the peace. * *"
The intent of the Constitution in providing for appeals in "cases" is directed at *10 controversies pending in the judicial system and not controversies pending before an administrative agency of the executive branch of our government; and an order of an administrative agency is not a decision in a "case" within the scope of Section 6 of Article V of the Constitution.
For the purposes of jurisdiction, an "appeal" to the circuit court pursuant to the statute becomes a "case" of original jurisdiction when it enters or is brought into the judicial system, if such an appeal is authorized by statute and the statute is not violative of the Constitution. The Constitution specifically authorizes the enactment of such a law by providing in Section 6(3) of Article V that "They [circuit courts] shall have original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the legislature may provide." The legislature has provided that a defendant before the real estate commission may appeal to the circuit court from a final order of the commission.
The present provisions of our Constitution relating to the original jurisdiction, last above quoted, were taken from Section 11 of Article V of the Constitution of 1885 and, in construing the former Constitution, this court held that appeals from commissions not of the judicial system became cases of original jurisdiction when the appeal entered the system from the executive branch.
In the case of South Atlantic S.S. Co. of Delaware v. Tutson, 1939, 139 Fla. 405, 190 So. 675, 680, per Justice Whitfield, the court states:
"* * * Section 1, Article V, Florida Constitution, as amended in 1914, provides that `the judicial power of the State shall be vested in' stated courts `and such other courts or commissions as the legislature may from time to time ordain and establish.'
* * * * * *
"* * * Where statutory administrative proceedings are had before administrative officers, board, commissions or other tribunals, with statutory appeals to the circuit courts, such proceedings may not appear in the judicial department of the State Government as a judicial `case' until they are brought to the Circuit Court by appeals, therefore the `case' may fairly be regraded as `originating' in the Circuit Court through a statutory appeal from the administrative board as much as it would be so `originating' in the Circuit Court by injunction, certiorari, or other original writ. See 71 C.J. 1211, 1215, Mugge v. Warnell L. & V. Co., 58 Fla. 318, 50 So. 645.
* * * * * *
"The Workmen's Compensation Law does not clearly confer `judicial power' upon the Florida Industrial Commission in administering the law, as may be done under Section 1, Article V, as amended; and such Commission now has administrative authority and duties only. Though the Commission has some procedural authority which may be regarded as quasi judicial to be exerted as an incident to, and in aid of, the administrative authority conferred, such Commission is essentially an administrative body. It has no authority to enforce its own orders or awards. This is done by the Circuit Courts in the exercise of original or supervisory jurisdiction under Section 11, Article V, of the constitution. First Nat. Bank of Miami v. Bebinger, 99 Fla. 1290, 128 So. 862."
In the case of United States Casualty Co. v. Maryland Casualty Co., Fla. 1951, 55 So.2d 741, 745, we cited the Tutson case for authority and held:
"* * * In connection with this principle it is not at all significant that `a case' as contemplated in and by our Constitution does not come into existence until the award reaches the Circuit Court for review. See South Atlantic S.S. Co. of Delaware v. Tutson, 139 Fla. 405, 190 So. 675."
*11 And in Cone Bros. Contracting Co. v. Allbrook, 153 Fla. 829, 16 So.2d 61, 62, we held that:
"* * * A perfected appeal under this statute confers jurisdiction for the first time in the Judicial Department of the State Government, i.e., the case appealed may be fairly regarded as originating in the Circuit Court and it then becomes a judicial case. See South Atlantic S.S. Co. of Delaware v. Tutson, 139 Fla. 405, 190 So. 675."
We next will consider the impact of Appellate Rule 4.1 on the statutory provision granting the defendant before the commission a right to appeal to the circuit court. Rule 4.1 specifies that:
"All appellate review of the rulings of any commission or board shall be by certiorari as provided by the Florida Appellate Rules."
The court's power to promulgate rules is provided for in Section 3 of Article V of the Constitution, which provides:
"Practice and procedure. Section 3. The practice and procedure of all courts shall be governed by rules adopted by the supreme court."
It seems to make little difference whether the provisions of Section 3 were merely declaratory of a power already vested in the Supreme Court or were a grant of a power not inherent in the court. Under either construction, the validity of Rule 4.1 turns on the meaning of what is "practice and procedure" in relation to the courts.
Congress authorized the Supreme Court of the United States to prescribe for the District Courts, "the forms of process, writs, pleading, and motions, and the practice and procedure in civil actions at law" but in recognition of the separation of the powers of the government provided "[s]aid rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant." (Italics supplied) Act of June 19, 1934, 48 Stat. 1064.[1]
The Supreme Court of the United States, conforming to the thought that court rules should not affect the substantive rights of any litigant except as to the practice in the courts, provided in Rule 82, Fed.Rules Civ. Proc. 28 U.S.C.A. that:
"Jurisdiction and Venue Unaffected. These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein.'
The Supreme Court of the United States in Hudson v. Parker, 156 U.S. 277, 15 S.Ct. 450, 453, 39 L.Ed. 424, in referring to the power of the court by rule to enlarge or restrict its own jurisdiction and powers and those of any other court, states:
"This court cannot, indeed, by rule, enlarge or restrict its own inherent jurisdiction and powers, or those of the other courts of the United States or of a justice or judge of either, under the constitution and laws of the United States. Poultney v. City of LaFayette, 12 Pet. 472, 9 L.Ed. 1161; The St. Lawrence, 1 Black 522, 526, 17 L.Ed. 180; The Lottawanna, 21 Wall. 558, 576, 579, 22 L.Ed. 654."
What does "practice and procedure" of the courts embrace?
In the case of Wayman v. Southard, 1825, 10 Wheat. 1, 6 L.Ed. 253, in construing the words of a statute relating to the practice and procedure in suits, the Supreme Court of the United States, per Chief Justice Marshall, held that the clause "the forms and modes of proceeding in suits" to embrace "the whole progress of the suit, and every transaction in it, from the commencement to its termination which [does not] * * * take place until the judgment is satisfied."
As cited in 6 Moore's Federal Practice (2nd ed.) 22, Poyser v. Minors (1881) of *12 QBD 329, in construing the meaning of "Practice" in the grant of rule making power, the English Court of Appeal held:
"`Practice,' in its larger sense  the sense in which it was obviously used in that Act, like `procedure' which is used in the Judicature Acts, denotes the mode of proceeding by which a legal right is enforced, as distinguished from the law which gives or defines that right, and which by means of the proceeding the Court is to administer,  the machinery as distinguished from its product."
The legislature gave the defendant a right to appeal to the circuit court which conferred obligatory jurisdiction on the circuit court while Rule 4.1 restricts the right to certiorari which involves only permissive and discretionary jurisdiction of the court petitioned.
The distinction between the right to review by appeal and the right to petition for review is more than a difference in form. In South Atlantic S.S. Co. of Delaware v. Tutson, supra, Justice Whitfield stated:
"* * * The exercise of jurisdiction under writ of certiorari is quite different from the exercise on appeal or writ of error. The former is a discretionary writ used to determine whether the essential requirements of the law have not been complied with to the material injury of petitioner. An appeal or writ of error is taken as a matter of right to have determined whether harmful error has been committed. See Jacksonville, T. & K.W. Ry. Co. v. Boy, 34 Fla. 389, 16 So. 290; Harrison v. Frink, 75 Fla. 22, 77 So. 663; Brinson v. Tharin, 99 Fla. 696, 127 So. 313."
Unlike the Act of Congress in providing that the Supreme Court of the United States may promulgate rules for the district courts, Section 3 of Article V, supra, failed to specify that such rules as might be promulgated by this court "shall neither abridge, enlarge, nor modify the substantive rights of any litigant"; however, such limitation is implicit by reason of Article II of our Constitution providing for a separation of the powers of government of this state. The rule exceeds the scope of "practice and procedure," is legislative in character and must yield to the provisions of the statute. The substantive rights under the statute are greater than under the rule.
As stated in 4 Encyclopedia of Pleading and Practice 155, "Certiorari as a substitute for appeal lost is not given as a matter of right; hence the petition for the writ in such case must bring to the notice of the court all the matters relied upon by the petitioner, and which justify him in resorting to such unusual remedy" and (ib.) on page 156 it is stated, "The petition should further show * * * some reasonable excuse for failure to resort to the usual remedy by appeal." A petition may be amended. In reviewing the merits of a case heard on certiorari the court will look only at the record, but it being within the discretion of the court to grant or refuse a writ of certiorari evidence extrinsic to the record may properly be received to determine whether in its discretion the writ should issue. Inhabitants of Rutland v. Worcester County, 20 Pick. (Mass.) 71.
It is accordingly our judgment that this court has jurisdiction of the cause and that in adjudicating the order of the County Authority granting the permit to fill lands in Boca Ciega Bay the Circuit Court sat as a trial court. Since we reach this conclusion, we think it appropriate to certify or return the cause to the District Court of Appeal to re-evaluate the issues presented as if they had been presented by appeal instead of by certiorari and enter such judgment as to them may seem meet and proper in the light of what has been said in this opinion.
It is so ordered.
THOMAS, C.J., and TERRELL, HOBSON, ROBERTS, DREW, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] Now 28 U.S.C.A. § 2072.