ON PETITION FOR REHEARING RE MOTION TO DISMISS
LILES, Judge.
Respondents filed a motion to dismiss, which was denied by this court on May 5, 1971. They are now petitioning for a rehearing on their motion to dismiss. They maintain that this court is without jurisdiction to revew by certiorari the denial of certiorari by the circuit court.
On August 11, 1970, the Pinellas County Board of County Commissioners passed and adopted a resolution changing the zoning classification of a certain parcel of land in Pinellas County. The residents of the area of the zoning change contested such change both before a hearing before an examiner and before a subsequent hearing before the Board of County Commissioners. The zoning change was effected notwithstanding their discontent. The residents of that area, through a class action, sought to have the Board’s action judicially reviewed by filing a petition for a writ of certiorari to the Circuit Court of the Sixth Judicial Circuit. After the filing of the briefs and full argument, the circuit court denied the petition for a writ of certiorari by an order dated February 4, 1971.
Thereafter, petitioners filed a petition for writ of certiorari in this court and thereby seek to have us review the Board’s resolution changing the zoning classification, and to review the order of the Cir *280 cuit Court of Pinellas County which denied the petition for writ of certiorari.
In Phillips v. County of Dade, Fla.App.1961, 133 So.2d 573, Phillips was aggrieved by a decision of the Dade County Zoning Authority. His petition for relief by writ of certiorari to the Circuit Court of Dade County was denied. Thereupon Phillips filed a petition for writ of certiorari in the district court to review the denial of a petition for certiorari by the circuit court. In granting a motion to dismiss the petition upon the grounds that a petition for cer-tiorari will not lie to review the denial of a petition for certiorari, the court said:
“Inasmuch as the proceeding in the circuit court was the original judicial review of an administrative decision, an appeal would lie from the judgment of the circuit court. For this reason petition for writ of certiorari is not an appropriate remedy and the petition must be dismissed upon authority of State v. Furen, Fla.1960, 118 So.2d 6; Wexler v. Ring, Fla.App.1961, 125 So.2d 883.”
 We therefore hold that petitioners’ petition for certiorari is not an appropriate remedy in that certiorari will not be issued where one has available his constitutional right of appeal. This is so for the reason that certiorari properly lies only in those cases in which it clearly appears there is no other full, adequate and complete remedy available to the petitioner. See Codomo v. Shaw, Fla.1958, 99 So.2d 849; Pullman Co. v. Fleishel, Fla.App.1958, 101 So.2d 188.
Petitioners have failed to file an appeal within the time required by Rule 3.2 (b) F.A.R., 32 F.S.A., which is a jurisdictional requirement. Even though an improvident appeal may be treated as a petition for writ of certiorari, the reverse is not true; an improvident petition for cer-tiorari may not be treated as an appeal. See Fort v. Fort, Fla.App.1958, 104 So.2d 69; Bartow Growers Processing Corp. v. Florida Growers Processing Co-Op, Fla.1954, 71 So.2d 165.
The rule that a petition for certiorari cannot be treated as an appeal is outmoded and outdated. We are therefore certifying this case to the Supreme Court in hopes that they will see fit to correct it. In Bar-tow Growers Processing Corp. v. Florida Growers Processing Cooperative, supra, our Supreme Court reasoned that because a statute authorized treatment of an appeal as certiorari and did not provide for treatment of certiorari as appeal it could not do so. It is the timely invocation of appellate jurisdiction that matters,[1] and in all of our pleading we have preferred substance over technicality except in the appellate courts. Careful counsel at the present time are, when in doubt, filing both a notice of appeal and a petition for certi-orari. Our courts are cluttered enough without making this necessary any longer. In this case we have denied appellate review to a party seeking it in good faith who could have obtained it had our appellate rules kept pace with the demands of sound judicial administration. We regret that we are bound by the precedent of our Supreme Court, and our own in Jones v. Johnson, Fla.App.1957, 98 So.2d 506. If only Fort were in our way we could rule independently and establish a basis for Supreme Court review on conflict certiorari.
Inasmuch as certiorari is an inappropriate remedy and inasmuch as petitioners have failed to file a timely appeal, this court is without jurisdiction to hear the case.
The petition for rehearing is granted, and for the foregoing reasons the petition for certiorari must be, and is, hereby dismissed.
PIERCE, C. J., and MANN, J., concur.

. Cf. City of Gainesville v. Thomas, Fla.1969, 229 So.2d 833; Mills v. Avon Park Motor Co., 223 So.2d 802 (2nd D.C.A. Fla.1969).