375 So.2d 4 (1979)
Edward CAMPBELL, Chairman, etc., et al., Appellants,
v.
Paul R. VETTER, Appellee.
No. 77-757.
District Court of Appeal of Florida, Fourth District.
May 16, 1979.
James A. Thomas, Deputy City Atty. and J.T. Frankenberger, City Atty., Hollywood, for appellants  Edward Campbell and City of Hollywood.
*5 Sheldon M. Schapiro of Stone & Schapiro, Hollywood, for appellee.
MOORE, Judge.
This is an appeal by the City of Hollywood, Florida from a final "order" of the circuit court granting a petition for writ of certiorari filed by Paul R. Vetter, a city police officer. In his petition for writ of certiorari Mr. Vetter sought review of an order of the Civil Service Board of the City of Hollywood upholding the appellee's discharge from his employment as a city police officer. Without delineating his reasons therefore the circuit judge reversed the Civil Service Board and ordered the City to reinstate appellee immediately with full back pay for approximately seventeen months. In effect, this was a per curiam reversal without opinion.
We first must consider the scope of review applicable to the circuit court's jurisdiction. Although the court may have come to a different conclusion from that reached by the Board, the weight and credibility of the evidence is solely the function of the Board sitting as the administrative fact finder. "In certiorari proceedings from an order of an administrative agency in a quasi-judicial proceeding, the circuit court is limited in the scope of its review to a determination of whether procedural due process had been accorded, whether essential requirements of law had been observed and whether the charges were supported by substantial, competent evidence... ." Metropolitan Dade County v. Mingo, 339 So.2d 302 (Fla.3d DCA 1976).
Appeal from the circuit court in the exercise of its common law certiorari jurisdiction is also a limited review. This review extends only to a determination of whether or not the circuit court followed procedural due process and applied the appropriate law. Metropolitan Dade County v. Mingo, supra. Neither reviewing court should reweigh the conflicting evidence. Chastain v. Civil Service Board of Orlando, 327 So.2d 230 (Fla. 4th DCA 1976).
Our task is not any less difficult because of the lack of an opinion of the circuit court as to why he ruled as he did. From a review of the record it would appear that he reweighed the evidence; however, we are reluctant to make such a conclusion without providing him an opportunity to set forth his reasons in a written opinion. There is no hard and fast rule which requires a written opinion, even in reversing a lower tribunal; nevertheless, the custom in this State is to write an opinion where the judgment being reviewed is reversed. Rosenthal v. Scott, 131 So.2d 480 (Fla. 1961). Such an opinion will facilitate our task and promote the justice of this cause consistent with the limited review available to the parties.
Accordingly, jurisdiction of this cause is relinquished to the circuit court for a period of thirty days and the circuit judge is respectfully requested to prepare an opinion setting forth the theory and reasoning upon which he reversed the order of the Civil Service Board. Upon filing such opinion with this court we will then determine whether the applicable law was applied and the requirements of procedural due process met. It is so ordered.
ANSTEAD, J., and SIMONS, STUART M., Associate Judge, concur.