378 So.2d 296 (1979)
UNITED TEACHERS OF DADE and UTD Towers, Inc., Appellants,
v.
SAVE BRICKELL AVENUE, INC., Etc., et al., Appellees.
No. 79-402.
District Court of Appeal of Florida, Third District.
September 26, 1979.
duFresne & duFresne and William D. duFresne, Miami, for appellants.
Hersh & Bernstein and Brian R. Hersh, Miami, for appellees.
Before HENDRY, HUBBART and KEHOE, JJ.
HUBBART, Judge.
The central issue presented by this motion to dismiss the instant appeal is whether a final judgment entered by a circuit court in an original certiorari proceeding involving a zoning matter is reviewable by appeal or certiorari in a district court of appeal. We hold that such final judgment is reviewable here by appeal and deny the motion to dismiss.
The appellants United Teachers of Dade and UTD Towers, Inc. have filed a timely notice of appeal seeking review in this court of a final judgment entered by the Circuit Court for the Eleventh Judicial Circuit of Florida, in an original certiorari proceeding involving a zoning matter. The final judgment under review granted a petition for a writ of certiorari filed by the appellees Save Brickell Avenue, Inc. and quashed a zoning resolution previously passed by the City of Miami Commission. The appellees by their motion to dismiss contend that this court has no jurisdiction to entertain the case by appeal and that the appeal should, accordingly, be treated as a petition for a writ of certiorari. We cannot agree.
Article V, Section 4(b) of the Florida Constitution establishes the jurisdiction of the district courts of appeal and provides in pertinent part as follows:
"(1) District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court. * * *
(2) * * *
(3) * * * A district court of appeal may issue writs of ... certiorari... ." [emphasis added]
The above constitutional provisions are tracked by Fla.R.App.P. 9.030(b)(1)(A), (2).
*297 In the instant case, we have for review a final judgment of the circuit court entered on review of administrative action in an original certiorari proceeding which quashed a zoning resolution passed by a city commission. All agree that this judgment is not directly appealable to the Supreme Court or the circuit court. Under the above constitutional provision [Art. V, § 4(b)(1)] as implemented by Fla.R.App.P. 9.030(b)(1)(A), it follows that such final judgment is appealable as a matter of right to a district court of appeal. This result is supported by an unbroken line of authority in this state. Norman v. Pinellas County, 250 So.2d 279 (Fla. 2d DCA 1971); City of Treasure Island v. Decker, 174 So.2d 756 (Fla. 2d DCA 1965); Board of Adjustment of City of Ft. Lauderdale v. Kremer, 139 So.2d 448 (Fla. 2d DCA 1962); Phillips v. County of Dade, 133 So.2d 573 (Fla. 3d DCA 1961); Wexler v. Ring, 125 So.2d 883 (Fla. 3d DCA 1961).
It is true, as urged by the appellees, that Fla.R.App.P. 9.030(b)(2)(B) provides that a district court of appeal may review by certiorari "final orders of circuit courts acting in their review capacity." This rule, however, has reference to final orders entered by the circuit court in its appellate review capacity from which no appeal therefrom can be taken. To interpret the rule any broader would mean that a district court of appeal could review by both appeal and certiorari a final judgment similar to the one entered in the instant case. Such would be contrary to the established law that certiorari can never lie where the petitioner has an adequate remedy by appeal. G.W. Development Corp. v. Village of North Palm Beach Zoning Board of Adjustment, 317 So.2d 828 (Fla. 4th DCA 1975). As an appeal clearly lies to review the final judgment herein, it follows that this court has no certiorari jurisdiction in this case.
We have considered the other grounds raised by the appellees to dismiss the instant appeal and strike appellants' brief and find them to be without merit. Accordingly, the motions to dismiss or quash the appeal and strike appellants' brief are denied.