389 So.2d 259 (1980)
Wiley Ulee PRIDGEN, Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF ORANGE COUNTY et al., Appellees.
No. 79-462.
District Court of Appeal of Florida, Fifth District.
October 1, 1980.
Rehearing Denied October 30, 1980.
*260 H. Franklin Robbins, Jr., Orlando, for appellant.
Philip H. Trees, Orlando, for appellees.
SHARP, Judge.
Pridgen urges that the circuit court erred in dismissing as untimely his amended petition for writ of certiorari. He was seeking review of final action taken by the Board of County Commissioners. We have jurisdiction to consider this appeal.[1]
Pridgen applied to the Board of County Commissioners for a license to carry a concealed weapon. It was denied. Within 30 days of the denial, Pridgen filed a petition for writ of mandamus in the circuit court. Review of the Board's action should have been sought by filing a petition for writ of certiorari.[2] The circuit court denied the petition for writ of mandamus "without prejudice to the plaintiff to file such further amendments in this proceeding as may be appropriate." Thirty-one days after the circuit court ruled, Pridgen filed an "amended" petition for writ of certiorari in the circuit court. The court dismissed it because it was filed more than 30 days after the Board denied Pridgen's application for a license.
Appellate courts have long held that an improvidently filed petition for writ of prohibition may be treated as a petition for writ of certiorari. Kilgore v. Bird, 149 Fla. 625, 6 So.2d 541 (1942); Wainwright v. Booth, 291 So.2d 74 (Fla.2d DCA 1974). Similarly courts have allowed an improperly filed interlocutory appeal to be treated as a petition for certiorari. Radio Communications Corp. v. Oki Electronics of America, Inc., 277 So.2d 289 (Fla.4th DCA 1973); Stein v. Bayfront Medical Center, Inc., 287 So.2d 401 (Fla.3d DCA 1973).
Against this background of judicial precedents, the Florida Supreme Court adopted Florida Rule of Appellate Procedure 9.040(c), which provides:
If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy. (Emphasis supplied).
The verb form "shall" generally connotes a mandate to do something,[3] and gives the person so directed no discretion to refrain from compliance.[4] Selection of the "command" form of the verb in the rule must have been deliberate in view of the prior case law,[5] and we conclude it is mandatory. We also reject the Board's argument that rule 9.040(c) is limited to treating erroneously filed petitions for writs of certiorari *261 as appeals. The rule encompasses all "improper" remedies, whatever their label or title.
In this case the circuit court properly noted that mandamus was an inappropriate remedy, and allowed the petitioner to file amended pleadings. Pursuant to Rule 9.040(c), the court should have considered the amended petition for writ of certiorari on the merits, when it was filed.
Accordingly, we quash the court's dismissal and reinstate the amended petition.
REVERSED and REMANDED.
COWART, J., concurs.
DAUKSCH, C.J., concurs specially with opinion.
DAUKSCH, Chief Judge, concurring specially:
While I concur with the majority opinion, I must note it is not without some reservations. The original petition for writ of mandamus was denied by the trial court without any reason given for the denial and without any motion or other response from the board of commissioners having first been filed.[1] Therefore, I cannot know why the mandamus was denied. I should not speculate why it was denied but there could be reasons other than merely that an improper remedy was sought. The order is silent as to the reason. Because the order gives the appellant an undesignated period of time to file "such further amendments in this proceeding as may be appropriate," I shall agree that the jurisdictional time limit was met when the first petition was filed. If the trial court had set a time limit for the filing of the "amendments" and the appellant had failed to make that deadline, or if a substantial reason had been set out in the order, then I might decide otherwise.
NOTES
[1] Fla.R.App.P. 9.030(b)(1)(A); State v. Furen, 118 So.2d 6 (Fla. 1960); Wexler v. Ring, 125 So.2d 883 (Fla.3d DCA 1961).
[2] Fla.R.App.P. 9.030(c)(3); Fla.R.Civ.P. 1.640(a).
[3] Webster's New Collegiate Dictionary 1056 (8th ed. 1979).
[4] Tascano v. State, No. 55,394 (Fla. June 16, 1980); Murray v. State, 378 So.2d 111 (Fla.5th DCA 1980).
[5] See Swartz v. State, 316 So.2d 618 (Fla.1st DCA 1975).
[1] This is because the board evidently was not served with a copy of the petition either by summons, notice to its attorney or otherwise.