392 So.2d 585 (1980)
The COUNTY OF VOLUSIA, a Political Subdivision, Appellant,
v.
TRANSAMERICA BUSINESS CORPORATION, etc., Appellee.
No. 80-23.
District Court of Appeal of Florida, Fifth District.
December 31, 1980.
Daniel R. Vaughen, Asst. County Atty., DeLand, for appellant.
Jeffrey C. Sweet of Fink, Loucks & Sweet, Daytona Beach, for appellee.
ORFINGER, Judge.
This is an appeal from a final judgment of the Circuit Court of Volusia County, granting appellee's petition for a writ of certiorari and quashing an order of the County Council of Volusia County.
Before addressing the merits, we must dispose of a procedural problem. Although appellant has filed a notice of appeal and has proceeded under the rules which apply to plenary appeals, it nevertheless raises the question that certiorari may be the proper *586 remedy, pointing to alleged conflict of decisions in this court. Appellant asks that we treat the appeal as a petition for writ of certiorari if we determine that appellant has followed the wrong path, as we are empowered to do by Rule 9.040(c), Fla.R. App.P. Appellant cites McGuire v. Nelson, 388 So.2d 42 (Fla. 5th DCA 1980) and Pridgen v. Board of County Commissioners of Orange County, 389 So.2d 259 (Fla. 5th DCA 1980) as examples of inconsistent remedies which point to apparent conflict in our decisions.
There is no conflict. In McGuire, there had been an appeal to the circuit court of a judgment of the county court. This court correctly observed that we could not entertain a second appeal, and that the procedural remedy to review the circuit court's appellate order was by certiorari. Rule 9.030(b)(2)(B), Fla.R.App.P. In Pridgen, the appellant had sought a writ of mandamus in the circuit court directed to the Board of County Commissioners of Orange County because of the denial of a permit to carry a concealed weapon. This court pointed out that certiorari was the proper remedy in the circuit court, from which an appeal to this court would have been proper.
In this case, the petition for certiorari in the circuit court was an original proceeding requesting that court to review the administrative order of the County Council of Volusia County in the interpretation of its subdivision regulations. An appeal from that order to this court is proper.[1]Dade County v. Gayer, 388 So.2d 1292 (Fla. 3d DCA 1980); United Teachers of Dade v. Save Brickell Avenue, Inc., 378 So.2d 296 (Fla. 3d DCA 1979); Norman v. Pinellas County, 250 So.2d 279 (Fla. 2d DCA 1971). See also McNamara Pontiac, Inc. v. Sanchez, 388 So.2d 620 (Fla. 5th DCA 1980). Since the petition for writ of certiorari in the circuit court was an original proceeding there seeking to review administrative action of the county council, review here by plenary appeal is the proper procedure.
The subdivision regulations of Volusia County were amended in 1976. The amendment provided that:
The following shall be exempt and not subject to the regulations prescribed by this chapter.
(c) ... where substantial on-site development has occurred prior to October 29, 1976.
Appellee applied to the County Council for exemption under this provision and in meetings with the administrative staff of the county demonstrated that it fell within the exception. Staff was satisfied because it reported to the County Manager that "Staff has determined and verified that $126,476 has been expended for on-site improvements, or 25.06% of the total cost of all improvements... ." This figure did not include another $45,000 expended for engineering or survey fees in connection with these improvements. Although never questioning the accuracy of the figures, the County Council rejected the application for exemption.
In the final judgment, the trial court held as a matter of law that the expenditures of more than 25% of the total cost of all on site improvements is a substantial expenditure and entitled appellee to the "substantial on-site improvement exemption" found in the subdivision regulations so that a denial of the exemption was a departure from the essential requirements of law. Appellant has not demonstrated any error in this holding.
The trial court quashed the determination of the County Council denying appellee the exemption, and remanded the matter to the County Council with directions that the exemption be forthwith granted. Appellant contends that the trial court had no power to direct any particular action, *587 but only to quash the order and remand it for further proceedings consistent with its decision, relying on Ulsch v. Mountain City Mill Co., 103 Fla. 932, 138 So. 483, reh. den., 104 Fla. 418, 140 So. 218 (1932); and Tamiami Trail Tours, Inc. v. Railroad Commission, 128 Fla. 25, 174 So. 451 (1937). We are not convinced of the effect of those cases on the instant proceeding, but any error of the trial court in directing the action of the County Council was harmless. By the clear language of the subdivision regulations, once the finding is made of substantial on-site improvements, the property "shall be exempt," so no other result was possible.
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., and CLARK, HAROLD R., Associate Judge, concur.
NOTES
[1] Article V, Sec. 4(b)(1) in pertinent part says:

District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court... . (emphasis added).
See also Fla.R.App.P. 9.030(b)(1)(A).