399 So.2d 1045 (1981)
CITY OF DEERFIELD BEACH, Wardell Chance, Doris Hunn, Myrle Johnson, Richard Mowry and Lawrence Vanderwiele, Petitioners,
v.
Michael H. VAILLANT, Respondent.
No. 78-2149.
District Court of Appeal of Florida, Fourth District.
June 10, 1981.
Rehearing Denied July 6, 1981.
*1046 Andrew Maurodis and James G. Kincaid, Fort Lauderdale, for petitioners.
Philip S. Shailer of Shailer & Purdy, Fort Lauderdale, for respondent.
LETTS, Chief Judge.
This matter is before us by reason of an "appeal" brought by the City of Deerfield Beach from a Circuit Court order reversing the Civil Service Board's decision to fire the Superintendent of the Wastewater Treatment Department. We treat it as a petition for a writ of certiorari which we deny.
Our scope of review is limited when an appellant seeks review from a Circuit Court which has acted in its appellate capacity. See Campbell v. Vetter, 375 So.2d 4 (Fla. 4th DCA 1979) and our second opinion in the same case Campbell v. Vetter, 392 So.2d 6 (Fla. 4th DCA 1980). See also City of Winter Park v. Jones, 392 So.2d 568 (Fla. 4th DCA 1980). It is true that a recent ruling from the Third District held a plenary appeal appropriate to review the decision of a Circuit Court which had acted in its appellate capacity. See United Teachers of Dade v. Save Brickell Avenue, Inc., 378 So.2d 296 (Fla. 3d DCA 1979). However, we must respectfully disagree with this latter ruling and in so doing note a more recent case from the same Third District which in its initial footnote also appears to disagree. See Save Brickell Avenue, Inc. v. City of Miami, 393 So.2d 1197 (Fla. 3d DCA 1981).
The controversy is complicated by the sometimes interchangeable use of the words "certiorari" and "appeal" with the intention, in generic terms, of denoting a seeking out of higher appellate review. Thus we note, for example, that the "Civil Procedure for Appeals" written up for Deerfield Beach provides for review of Civil Service Board decisions by "petition [to] the Circuit Court for a review by certiorari." However, this is not a discretionary review and inescapably the circuit court must review it. As we said in Campbell v. Vetter, supra, any such review by the Circuit Court centers around whether or not the Civil Service Board (itself a quasi-judicial appellate forum):
1. Provided procedural due process;
2. Observed the essential requirements of the law; and
3. Supported its findings by substantial competent evidence.
Frankly, we think the Civil Service Board's decision satisfied all three of these *1047 requirements in this case, but the fact remains we believe that a plenary appeal from this circuit court ruling is not available and that recourse to us must be by certiorari pursuant to Florida Appellate Rule, 9.030(b)(2)(B) which provides:
"The certiorari jurisdiction of district courts of appeal may be sought to review ... final orders of circuit courts acting in their review capacity." (emphasis supplied)
In contrast to our view, the Third District in United Teachers, supra, held that review by the district courts from administrative action, even though already reviewed by a circuit court, is appealable as a matter of right under Article V, Section 4(b) of the Florida Constitution which states:
District Courts shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to ... a circuit court. (emphasis supplied)
At first blush we agreed with the Third District but further study convinces us that a final judgment of a circuit court acting in its review capacity is not appealable as a matter of right to a district court if it has already been directly "appealed" to a circuit court. Thus the constitutional provision above quoted is not applicable.
It is true that the "appeal" to the circuit court under the city provisions now before us was styled "a review by certiorari." Nonetheless the circuit judge treated it as if it were an appeal and reviewed "the entire record including hundreds of pages of proceedings and testimony." Inevitably then, no matter what the magic word, the end product was an appeal to circuit court. This being so, recourse to us must be by certiorari.
To quote from appellee's brief: "The critical question ... centers on the scope or extent of such appellate review. Appellants ... would seem to suggest that as a case moves up the appellate ladder, each level of review becomes more broad ... than the one preceding it. In effect appellants desire to invert the pyramid."
We ascribe to the pyramid analogy, but, like the appellee, believe its vertex must be uppermost. This being so, we cannot consider the question of substantial competent evidence already reviewed by the Circuit Court. This leaves only two of the three criteria first above set forth. Accordingly, we can only examine to see if:
1. Procedural due process was afforded; and
2. The essential requirements of the law were observed.
(See Campbell v. Vetter, supra)
In this respect we must ourselves confess generic use of the term "appeal," for in our first rendering of Campbell v. Vetter, supra, we called the review to our court an "appeal" though we there correctly defined it as if it were a petition for certiorari which it really was.
We recognize our holding here appears to be in conflict with the Third District's United Teachers case, but common sense dictates that no one enjoys three full repetitive reviews to,
1. a civil service board
2. a circuit court
3. a district court of appeal,
the one exception being in the field of criminal law where an indigent criminal appears to be afforded a chain of review ad infinitum in one form or another.
Applying our scope of review to the case at hand, we cannot say that the trial judge either failed to provide due process or departed from the essential requirements of the law. Accordingly, the petition for a writ of certiorari is denied.
CERTIORARI DENIED.
DOWNEY and BERANEK, JJ., concur.