421 So.2d 684 (1982)
CHEROKEE CRUSHED STONE, INC., Appellant,
v.
CITY OF MIRAMAR, Appellee.
No. 82-770.
District Court of Appeal of Florida, Fourth District.
November 3, 1982.
*685 William D. Ricker, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant.
Edward Paul Kreiling, City Atty., Miramar, for appellee.

OPINION ON MOTION TO DISMISS APPEAL
HERSEY, Judge.
Cherokee Crushed Stone, Inc., appellant here, made application to appellee, City of Miramar, for a special exception required to conduct certain mining operations on land zoned agricultural. From an adverse determination by the City Commission appellant sought review in the circuit court by petition for writ of certiorari. The circuit court, after hearing, issued an opinion in the form of an order denying relief. The present appeal concerns this order of the circuit court. Appellee has filed a motion to dismiss the appeal. Appellant's response requests that we address the following issue:
DOES ARTICLE V, SECTION 4(B)(1) OF THE FLORIDA CONSTITUTION GUARANTEE THE RIGHT TO A PLENARY APPEAL FROM A FINAL ORDER OF A CIRCUIT COURT WHICH HAS EXERCISED ITS CERTIORARI JURISDICTION TO REVIEW ADMINISTRATIVE ACTION?
The action of the City Commission was administrative action; however, neither special nor general law has constituted the City of Miramar an "administrative agency" as contemplated by the Administrative Procedure Act and particularly Section 120.52(1)(c), Florida Statutes (1981). Were it otherwise, appeal from the ruling of the City Commission would be directly to this court (rather than the circuit court) by virtue of Section 120.68, Florida Statutes (1981).
We initially considered the motion to dismiss and prepare this opinion without the benefit of the supreme court's decision in City of Deerfield Beach v. Vaillant, 419 So.2d 624 (1982). That opinion appears to resolve the primary issue posed by appellant's question but leaves open an important subsidiary question.
As we have indicated, the municipality involved here has not by special or general law been rendered subject to the Administrative Procedure Act and its administrative action is not subject to direct review by a district court. Further there is no provision of general or special law permitting appeal of this municipality's administrative action to the circuit court. An ordinance of the municipality authorizes the filing of a petition for writ of certiorari with the circuit court to review agency action. While such an ordinance may confer standing on a party to proceed it may not confer jurisdiction on the circuit court where none otherwise exists nor does it determine the scope of review.
There being no review available directly to either the district or the circuit courts, we conclude that review is available only through the trial court's constitutional power to issue its discretionary writ of certiorari.
Resort to the district court from the circuit court in such a case is also limited to a petition for writ of certiorari.
*686 At issue here, then, is the nature and extent of review that should be accorded by the district court to administrative action of an agency not subject to the Administrative Procedure Act and initially not "appealable" to the circuit court by virtue of general, special or decisional law. The answer to this question should depend upon the scope of review which has been or should have been afforded by the circuit court.
Section 4(b)(1) of Article V of the Florida Constitution provides that "final judgments or orders of trial courts, including those entered on review of administrative action" are appealable as a matter of right to the district courts unless they are directly appealable to the supreme court or a circuit court. In City of Deerfield Beach v. Vaillant, 399 So.2d 1045 (Fla. 4th DCA 1981), this court determined that a final judgment of a circuit court acting in its review capacity is not appealable as a matter of right if it has already been "appealed" (by certiorari) to a circuit court. The difficulty we now perceive in applying that standard is created by the language of the constitutional provision itself. There are only two trial courts, the county court and the circuit court, and only the latter has jurisdiction to review agency or administrative action. If the term "circuit court" is substituted for the term "trial court" in the paraphrased constitutional provision the seeming non sequitur is apparent:
District courts of appeal shall have jurisdiction to hear appeals ... from final judgments of circuit courts ... entered on review of administrative action ... not directly appealable to ... a circuit court. [Emphasis added.]
Obviously an appeal may not be taken from one circuit court to another circuit court. The only logical interpretation of the literal language of this provision is that an appeal to the district court is appropriate from any final judgment or order of a circuit court entered on review of administrative action.
The scope of review in such cases has been subjected to scrutiny by this and other district courts of appeal, and now by the supreme court, and divergent views emerge from the case law. The scope of review afforded has depended in the past upon whether the court takes the position that review is by certiorari in the district court (the pyramid hypothesis of Campbell v. Vetter and City of Deerfield Beach v. Vaillant) or by appeal. In Vaillant this court squarely aligned itself with the view that the circuit court provides an appeal of administrative action, reviewable in the district court by petition for writ of certiorari despite the fact that the constitution uses the term "appeal." Our reasoning was based upon the proposition that review by the circuit court of administrative action, although referred to as certiorari, is not discretionary and in scope is basically the same as an appeal. City of Deerfield Beach v. Vaillant, supra; Campbell v. Vetter, 375 So.2d 4 (Fla. 4th DCA 1979). See also Campbell v. Vetter, 392 So.2d 6 (Fla. 4th DCA 1981).
Conflicting with this court's view in Vaillant are, inter alia, the following cases: (1) Dade County v. Gayer, 388 So.2d 1292 (Fla. 3d DCA 1980), which states, "Since the final judgment, entered by the trial court on review of the administrative action, has not otherwise been made directly appealable to the Supreme Court, it is, under plain construction of Article V, Section 4(b)(1) ... reviewable here by way of appeal." But see: Metropolitan Dade County v. Mingo, 339 So.2d 302 (Fla. 1976) in which the scope of review was said to be "limited to a determination of whether the circuit court applied the applicable law and acted in accordance with established procedure" which is indicative of certiorari although the proceeding was described as an appeal. See also: United Teachers of Dade v. Save Brickell Avenue, Inc., 378 So.2d 296 (Fla. 3d DCA 1979), the court stating: "We hold such final judgment [from the circuit court in an original certiorari proceeding] is reviewable here by appeal and deny the motion to dismiss." And see Save Brickell Avenue, Inc. v. City of Miami, 393 So.2d 1197 (Fla. 3d DCA 1981) holding that certiorari is the appropriate vehicle to reach the district court where the proceeding in the circuit court was an appeal. (2) Odham v. *687 Petersen, 398 So.2d 875 (Fla. 5th DCA 1981), which also bases review by appeal of a circuit court order entered on review of administrative action on Article V, Section 4(b)(1). See also County of Volusia v. Transamerica Business Corp., 392 So.2d 585 (Fla. 5th DCA 1980), which determined that where "the petition for certiorari in the circuit court was an original proceeding requesting that court to review the administrative order ... [a]n appeal from that order to this court is proper," citing to Article V, Section 4(b)(1); The Florida Companies v. Orange County, 411 So.2d 1008 (Fla. 5th DCA 1982), which stated that since the circuit court was acting in review of administrative action, appellant had a right of appeal from the circuit court's order denying certiorari.
Norman v. Pinellas County, 250 So.2d 279 (Fla. 2d DCA 1971), does not directly conflict with Vaillant because it was not decided pursuant to Article V, Section 4(b)(1). On the other hand, Norman did indicate that a "constitutional right of appeal" was available to review a circuit court order entered on review of administrative action.
Several arguments are made against construing Section 4(b)(1) as providing a right of appeal from an order of the circuit court entered on review of administrative action. One such argument is that the parties are then afforded, in effect, several appeals, a right not even accorded to criminal defendants. Thus, an administrative order may be "appealed" to the circuit court and the circuit court's decision then reviewed again by the district court. It has been argued that such a chain of review is contrary to traditional concepts of appellate review, may operate to lengthen the process of exhaustion of administrative remedies, and, incongruously, to provide parties in administrative actions greater review rights than are afforded to civil litigants and criminal defendants.
It has also been argued that interpretation of Section 4(b)(1) as not extending the right of appeal to orders entered by the circuit court on review of administrative action is supported by Rule 9.030(b)(1)(A) and (2)(B), Florida Rules of Appellate Procedure. Those portions of the rule provide:
(b) Jurisdiction of District Courts of Appeal.
(2) Certiorari Jurisdiction. The certiorari jurisdiction of district courts of appeal may be sought to review.
... .
(B) final orders of circuit courts acting in their review capacity.
Although this rule, adopted subsequent to the constitutional revision, "is not intended to affect the substantive law governing the jurisdiction of any court and should not be considered as authority for the resolution of disputes concerning any court's jurisdiction" (committee notes), it has been suggested that the supreme court's action in adopting the rule is an indication (however slight) of its construction of Article V, Section 4(b)(1).
We have previously alluded to the additional and related problem of defining the district court's scope of review where an appeal is taken from a circuit court order entered in its review capacity. According to the court in The Florida Companies v. Orange County, supra, when a district court is acting on plenary appeal from denial of a writ of certiorari, its scope of review is identical to that of the circuit court, that is, to determine whether the administrative body acted within its jurisdiction, whether it departed from the essential requirements of law, and whether its decision was supported by substantial competent evidence. This differs from the view we have previously adhered to that a plenary appeal is not available under such circumstances and that the triangle hypothesis available by certiorari is the only available method of review. Vaillant, supra.
Summarizing the arguments against permitting an appeal under the circumstances involved in the case on review: (1) a party is thereby afforded more than one appeal from administrative action; (2) one possible interpretation of the appellate rules favors certiorari over appeal; and (3) the scope of review may be variously and therefore confusingly defined depending upon the vehicle *688 the district court permits to be utilized to obtain review. A final argument might well be made (and indeed is made here) that this district is committed by precedent to a contrary view (which now bears the imprimatur of the supreme court).
The constitutional right of appeal referred to in some of the cases was discussed and analyzed in State v. Furen, 118 So.2d 6 (Fla. 1960). There, the court determined that an "appeal" to the circuit court was authorized only pursuant to Article V, Section 6(3) which at that time defined the jurisdiction of the circuit courts to be "original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the legislature may provide." The Furen court reasoned that the circuit court in reviewing (pursuant to statute) an administrative order was actually exercising original jurisdiction for which there was a right of direct appeal to the district court. (The circuit court's jurisdiction is now defined in Section 5(b) of Article V of the Florida Constitution, quoted earlier. The pertinent provision reads: "They shall have the power of direct review of administrative action prescribed by general law.")
It is obviously appropriate that administrative action emanating from an agency which is subject to the Administrative Procedure Act, (APA) with its built-in procedural safeguards, be treated differently, for review purposes, than the administrative action of an agency whose operations are not so circumscribed. It is this latter situation with which the Supreme Court was confronted when the rule in State v. Furen, supra, was promulgated. The philosophy underlying the opinion in Furen may have little application in proceedings brought to review the action of an agency which has proceeded under the subsequently enacted APA. Many of the dangers which Furen was designed to ameliorate are at least conceptually addressed by the Act so that judicial intervention may be minimized. In fact the major thrust of that case will have no application whatsoever since resort to the circuit court is eliminated as a procedural step in the review of administrative action subject to the Act. On the other hand Furen and its concerns should have continued viability in the area of review of actions of administrative bodies whose activities are not circumscribed by the safeguards built into the Act and where resort to the circuit court remains the only practical option for initial review of administrative action. Such a situation is exemplified by the instant case.
Furen suggested that when the circuit court sits in review of administrative action it sits as a trial court. This follows from the proposition that administrative action becomes a "judicial case" only when brought to the circuit court, thus the "case" originates in that court. Because proceedings conducted prior to filing of the case with the circuit court "are so often conducted without regard to proper decorum or observance of the rules for introduction or consideration of evidence, the work of the circuit court consists largely in preparing an intelligent and orderly `case' for review by the appellate court." It follows, held the Supreme Court, that the district court must accord an appeal from the judgment of the circuit court rather than review by the more limited (and discretionary) writ of certiorari.
We have now come full circle to the more recent supreme court pronouncement on this issue in Vaillant. It seems clear that Furen, to the extent that its rationale and holding are inconsistent therewith, have been overruled by Vaillant. An issue seemingly unresolved by Vaillant is exemplified by the following language in that opinion:
We hold that where full review of administrative action is given in the circuit court as a matter of right, one appealing the circuit court's judgment is not entitled to a second full review in the district court. Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are *689 supported by competent substantial evidence. The district court, upon review of the circuit court's judgment, then determines whether the circuit court afforded procedural due process and applied the correct law.
The problem lies in determining whether, in a particular case, "a party is entitled as a matter of right to seek review in the circuit court from administrative action." We have previously adverted to the three possibilities: (1) action by an agency within the penumbra of the Administrative Procedures Act which is appealable directly to the district court; (2) action by an agency which the law makes appealable to the circuit court; and (3) action by an agency which is reviewable only by certiorari to the circuit court. It is this latter category into which the present case falls and it is this category which appears, at least on literal terms, to be one in which a party has no entitlement, as a matter of right, to seek review by appeal in the circuit court. In order to resolve this impasse we interpret the supreme court's holding in Vaillant as impliedly affirming our underlying premise in Campbell v. Vetter, quoted with approval in our version of Vaillant (399 So.2d 1045 (Fla. 4th DCA 1981)) that review by certiorari under these circumstances is mandatory, not discretionary, and that the scope of review by the circuit court includes determinations as to whether the administrative agency:
1. Accorded procedural due process;
2. Observed the essential requirements of the law; and
3. Supported its findings by substantial competent evidence.
Under such a rule it becomes clear that "full review of administrative action is given in the circuit court as a matter of right."
We therefore treat the present proceedings as an application for review by certiorari and the parties are requested to proceed accordingly.
The motion to dismiss otherwise is denied.
DELL and WALDEN, JJ., concur.