BERANEK, Judge.
This is a petition for common law certio-rari. Petitioner was discharged from his *674 position as a city employee with the City of Hollywood. The Civil Service Board of the City entered an order sustaining petitioner’s dismissal which he sought to review by certiorari before the circuit court. The court relied upon Rule of Appellate Procedure 9.100(f), and declined to issue an order to show cause. The petition for certiorari before the circuit court was denied without hearing, without findings, and without response from the City.
Petitioner now contends that the circuit court departed from the essential requirements of law in denying certiorari without issuing an order to show cause. Petitioner further contends the circuit court should have granted relief and reinstated him to his job with back pay. We agree with petitioner’s initial contention and remand for issuance of an order to show cause and review on the merits. We do not however reach the question of reinstatement and back pay as that will be the function of the circuit court upon remand.
In City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982), the Supreme Court considered the conflicting opinions of the Third and Fourth Districts in United Teachers of Dade v. Save Brickell Avenue, Inc., 378 So.2d 296 (Fla. 3d DCA 1979), and City of Deerfield Beach v. Vaillant, 399 So.2d 1045 (Fla. 4th DCA 1981). The Vaillant factual situation parallels that presented here. A terminated city employee eventually sought review before the district court of appeal. In considering the scope of the review before the district court and the circuit court, the Supreme Court held as follows at 626:
We hold that where full review of administrative action is given in the circuit court as a matter of right, one appealing the circuit court’s judgment is not entitled to a second full review in the district court. Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence.
Implicit in this reasoning is the assumption that full review, as a matter of right, is available in the circuit court. In the instant case, no order to show cause was issued and our review of the record leads us to the conclusion that the circuit court did not consider the matter on the merits. We thus grant the writ of certiorari sought before this court and remand to the circuit court with instructions to issue an order to show cause and to consider the matter on the merits.
CERTIORARI GRANTED, DECISION QUASHED, AND THE MATTER REMANDED.
HERSEY and WALDEN, JJ., concur.