PER CURIAM.
The Board of County Commissioners of Sarasota County (Commission) has filed a petition for writ of certiorari naming the Board of Zoning Appeals (Zoning Board), and Dona Bay Marina, Inc. (Tiki Bar) as respondents. The Commission is seeking review of an order of the trial court denying the Commission’s petition for writ of certiorari on the ground that the Commission did not have standing to bring the petition. We grant the petition.
This court’s standard of review is “whether the circuit court afforded procedural due process and whether the circuit court applied the correct law.” Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). The Commission alleges that the circuit court did not apply the correct law.
The zoning regulations of Sarasota County establish the zoning administrator as the person who administers and enforces zoning regulations. The regulations provide for appeal to the Zoning Board by any person aggrieved by a decision of the administrator. The regulations also give the Commission and any officer or department of the county the right to seek certio-rari review of Zoning Board actions in the circuit court, regardless of whether the entity seeking review appeared in the proceeding before the Zoning Board, without the necessity for a showing of special injury or aggrievement.
The Zoning Board heard an appeal of a decision of the zoning administrator prohibiting outdoor music at the Tiki Bar. The Zoning Board reversed the administrator. The Commission then filed a petition for writ of certiorari in the circuit court, attacking the decision of the Zoning Board. The circuit court found that because the Commission had not appeared in and was not a party to the proceeding before the Zoning Board, and was not aggrieved by its decision, it had no standing to challenge the decision. In response to the Commission’s argument that a county ordinance gave it standing, the circuit court found the ordinance was ineffective, in that the Commission did not have a legal right to provide a remedy through the circuit court.
In Cherokee Crushed Stone, Inc. v. City of Miramar, 421 So.2d 684, 685 (Fla. 4th DCA 1982), the court stated that while a municipal ordinance “may confer standing on a party to proceed it may not confer jurisdiction on the circuit court where none otherwise exists nor does it determine the scope of review.” In this case, the Commission did exactly what the court in Cherokee Crushed Stone deemed acceptable, which is to confer standing on itself to *1219 seek review of a ruling of the Zoning Board in the circuit court, regardless of whether the Commission had participated in the administrative proceedings. Because the trial court incorrectly ruled that the Commission did not have standing to file the petition, we quash the order of the trial court and remand the case for consideration on its merits.
Petition granted; order of the trial court quashed; remanded for further proceedings.
THREADGILL, A.C.J., and GREEN and STRINGER, JJ., Concur.