HORTON, Judge.
The appellee was employed by the City of Miami as a meter reader in the Department of Water & Sewers. By a letter dated May 7, 1962, the appellee was advised by his superior that he was dismissed from his employment effective May 4, 1962, because of conduct unbecoming a city employee “in that you did, on April 7, 1962, with another City employee, to-wit: Donald W. Branch, then and there unlawfully transport in a motor vehicle explosives, to-wit: hand grenades, over the highways of Dade County, Florida, without a license or permit as required under the state law, Florida Statute, 552.12, such conduct constituting a violation of Rule XVI, Section 2, Subsections (d), (e) and (i) of the Civil Service Rules and Regulations. * * * ” The appellee promptly filed his notice of appeal from the dismissal and the matter was set for hearing before the Civil Service Board on June 11, 1962. On the day set for the hearing, the Civil Service Board, at the request of the city attorney’s office, granted a continuance of the hearing upon the assertion that the appellee had been charged with a criminal violation of the' Florida Statutes and that the matter should be held in abeyance pending adjudication by the court.
The appellee was tried on the criminal charge and acquitted on September 27, 1962, in the Criminal Court of Record for Dade County, Florida. On December 3, 1962, the appellee was tried on the charges then pending against him by the Civil Service Board, resulting in his dismissal by the city manager. The appellee petitioned the Circuit Court of Dade County for a review of the findings and judgment of the city manager as well as the proceedings before the Civil Service Board. The petition was granted after hearing and an order- quashing the judgment of the city manager was entered on, May 29, 1963. It is from the latter, order that this appeal has been prosecuted. ( .
The circuit court in its order quashing the judgment ■ of the city manager stated that it took judicial notice that the Florida Statute,' ‘ § ' '552.12, F.S.A., contained the words "“knowingly transport” and thus it was necessary that the appellants prove knowledge on the part of the appellee to sustain a conviction under the statute. The court concluded that neither the Civil Service Board nor the city manager had observed the “competent substantial evidence rule” as defined by the Supreme Court of Florida in the case of DeGroot v. Sheffield, Fla.1957, 95 So.2d 912. There were other conclusions of the court -contained in the order appealed, among them being that the rules as to the presumption of innocence and the burden of proof were not observed and consequently there had been a disregard of the appellee’s right to due process.
The appellant contends first, that the circuit court tried the case de novo and permitted extraneo.us matters such as exhibits to be- introduced when the same had not been made a part -of the record or considered by the Civil Service Board, and second, that"-the circuit court reweighed the *232 evidence and applied the wrong rule of law as to the degree of proof requisite in a quasi judicial proceeding. We conclude that the appellant’s contentions are meritorious.
Whether the statute cited in the charges against appellee — § 552.12 [impliedly or in combination with the provisions of § 552.14,] requires the proof of scienter was not, in our opinion, a question to be considered by the circuit court. Its jurisdiction in certiorari proceedings from an order of an administrative board of the type under review was to determine if procedural due process had been accorded the appellee and that the essential requirements of the law had been observed. In determining the sufficiency of the evidence the circuit court was admittedly correct in stating in its judgment that it was only necessary to ascertain if the charges had been proved by competent substantial evidence. Obviously the court was aware of the correct rule but nevertheless we feel that the conclusion it reached and the basis upon which it quashed the judgment of the city manager demonstrated its failure to properly apply the rule. It was not necessary for the city to prove “beyond and to the exclusion of a reasonable doubt” that the appellee had violated- the statute because obviously such issue would be beyond and in excess of the jurisdiction of the board to consider and adjudicate. Likewise it is immaterial to a proceeding of the nature here under review that the appellee was acquitted of a similar criminal charge in a court of law. Although he was acquitted of the criminal charge, it would not necessarily follow that he should ipso facto be exonerated of administrative charges. See City of Miami v. Kellum, Fla.App.1962, 147 So.2d 147, 151.
We have read the record and particularly the testimony before the Civil Service Board, and although we might have reached a conclusion different from that of the Board, nevertheless there was competent substantial evidence, if believed, sufficient to support the conclusion reached. We have not overlooked the fact that the record contains conflicts in the testimony of the witnesses on behalf of the city and the appellee, but that was a matter for the Board to resolve and having done so, it was not the prerogative of the circuit court to substitute its judgment for that of the Board.
The order appealed is reversed and the cause is remanded with directions to enter an order denying the petition for certiorari.
Reversed and remanded with directions.