HENDRY, Chief Judge.
This is an appeal from an order of the circuit court denying a petition for writ of certiorari.
The Civil Service Board of the City of Miami, following a full hearing, found the appellant guilty of conduct unbecoming a. city employee in that he conspired to steal' an automobile and was in possession of said stolen automobile from which the serial number had been removed in violation of § 320.33, Fla.Stat., F.S.A., such conduct constituting a violation of Rule XVI,. Section 2, Subsections (e) and (i) of the Civil Service Rules and Regulations. As a. result, the appellant was dismissed from his. Civil Service position by the city manager.
The appellant petitioned the circuit court; for a review of the judgment of the city-manager as well as the proceedings before-the Civil Service Board. The appellant alleged in his petition (1) that the findings, of the board are not supported by competent, substantial evidence; (2) the board' erred in refusing to allow cross-examination to impeach the witness Stubbs; (3) the- *500 board was not impartial; (4) the board erred in admitting testimony the sole relevance of which was to show the bad character of the accused or his propensity to commit crimes.
The appellant filed this appeal after his petition was denied, and has asserted substantially the same points on appeal as were relied on for the issuance of the writ in the circuit court.
Certiorari is in the nature of an appellate process. Thus, to review the identical points as raised below would be to permit a second appeal. The extent of our review is to determine whether, upon the points properly raised, the circuit court applied the applicable law and acted in accordance with established procedure.[1] We have, therefore, considered the following points raised by the appellant:
(1) whether the circuit court in reviewing quasi-judicial decisions that impair vested legal rights should have relaxed the general rule that on certiorari a court will not ordinarily substitute its judgment for that of an administrative agency acting within its power; and,
(2) whether the circuit court erred in finding that there was substantial competent evidence to support the judgment of the city manager and the findings of the Civil Service Board where the testimony relied on was uncorroborated and unreliable.
The cases[2] cited by the appellant in support of the first point under review do not suggest that the court on certiorari substitute its judgment for that of ah administrative agency, but that the findings and quasi-judicial decisions of administrative agencies are not conclusive or infallible and are subject to review in courts of competent jurisdiction. The rule remains that even if the court might have reached a different conclusion on the evidence than that reached by the administrative agency, it will not do so if the decision is adequately supported by competent substantial evidence.[3]
Appellant’s second point on review is that the test of competent substantial evidence is not satisfied where essential portions of the board’s findings are based on the uncorroborated testimony of an admitted felon and accomplice to the acts which were under review by the board. The appellant cites Florida Rate Conference v. Florida Railroad & Public Utilities Comm., Fla.1959, 108 So.2d 601 in which the commission had used an “unreliable” study and, by its own terms, considered it necessary to its conclusions. The Supreme Court indicated that an order which based an essential finding or conclusion solely on unreliable evidence should be held insufficient.
The testimony of an admitted felon who was an accomplice of the appellant is not incompetent, but these facts relate only to the weight and credibility to be attached to his testimony.[4] Justice Thornal, in De Groot v. Sheffield, Fla.1957, 95 So.2d 912, 916, stated that:
“[T]he evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached. To this extent the ‘substantial’ evidence should also be ‘competent.’ ”
*501 We have concluded from an examination of the record that the circuit court was correct in determining that the Civil Service Board and the city manager had competent substantial evidence upon which to base their findings and judgment. Further, the appellant has not shown that the circuit court erred in its failure to find that the Civil Service Board departed from the essential requirements of the law.
Accordingly, the order appealed is affirmed.
Affirmed.

. Morris v. City of Hialeah, Fla.App.1962, 140 So.2d 615.

. Butler v. Carter, Fla.1960, 123 So.2d 313; State ex rel. Sbordy v. Rowlett, 125 Fla. 562, 170 So. 311 (1936) ; State ex rel. Williams v. Whitman, 116 Fla. 196, 150 So. 136, 156 So. 705, 95 A.L.R. 1416 (1934); Agner v. Smith, Fla.App. 1964, 167 So.2d 86.

. Butler v. Carter, supra note 2.

. Henderson v. State, 135 Fla. 548, 185 So. 625, 120 A.L.R. 742 (1938).