398 So.2d 875 (1981)
Katherine S. ODHAM, Etc., et al., Appellants,
v.
Michael N. PETERSEN et al., Appellees.
No. 80-439.
District Court of Appeal of Florida, Fifth District.
April 29, 1981.
Rehearing Denied May 29, 1981.
C. Allen Watts of Watts, Biernacki & Frost, P.A., DeLand, for appellants.
*876 Daniel D. Eckert, DeLand, for appellee Volusia County Board of Adjustment.
COWART, Judge.
The Volusia County Board of Adjustment granted a special zoning exception permitting construction of greyhound dog kennels on appellee Peterson's property. Appellants, Peterson's neighbors, aggrieved by this decision, filed a two count complaint in the circuit court demanding review of the zoning decision by certiorari and by a trial de novo. The trial court required appellants to make an election between those two remedies. Appellants elected the remedy of certiorari. After review the trial court denied certiorari. On this appeal appellants contend the trial court erred in requiring an election of remedies and in denying their petition for certiorari.
Section 163.250, Florida Statutes (1979), under which appellants sought judicial relief in the circuit court provides that review is to be sought either by certiorari or by trial de novo, but not both and the circuit court was correct in requiring appellants to elect between those remedies.[1]
Appellants' election of review by certiorari, rather than by a trial de novo, established the character of the circuit court's judicial action as that of review and, accordingly, its decision is not a final order of a trial court, acting as such, as is ordinarily reviewable by appeal to district courts of appeal under Florida Rule of Appellate Procedure 9.030(b)(1)(A); rather, it is a final order of the circuit court acting in its review capacity, normally reviewable by certiorari in district courts of appeal under Florida Rule of Appellate Procedure 9.030(b)(2)(B). However, we denied appellees' motion to dismiss this appeal because article V, section 4(b)(1), Florida Constitution, provides that "district courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court."[2] Since the circuit court action became, by appellants' election, an original proceeding to review the administrative action of a county zoning board of adjustment, we have jurisdiction to review by plenary appeal. See County of Volusia v. Transamerica Business Corp., 392 So.2d 585 (Fla. 5th DCA Dec. 31, 1980) [1981 F.L.W. 157]. Our conclusion does not appear to be consistent with Phipps v. Board of Adjustment, 388 So.2d 317 (Fla. 4th DCA 1980).
Appellant argues that certiorari review in the circuit court should be in the nature of a trial de novo and that the scope of review on this appeal should be similarly broadened. Appellant reasons that since certiorari review under the old municipal zoning statute (§ 176.17, Fla. Stat. (1971)) was considered as being "in the nature of an original proceeding de novo," Josephson v. Autrey, 96 So.2d 784 (Fla. 1957), the scope of certiorari review under section 163.250, Florida Statutes (1979), should be the same. This does not follow. The earlier statute was broadly interpreted because old section 176.19 allowed the trial court to take evidence in the statutory certiorari proceeding. Section 163.250, Florida Statutes (1979), separates the one former hybrid proceeding into an election between two more classic judicial proceedings: a trial de novo according to the Florida Rules of Civil Procedure, or an original proceeding for certiorari review under the Florida Appellate Rules. Appellants *877 did not elect a trial in circuit court with the consequent right to broader review here of the evidence and law involved in a trial. On this appeal the substance of our review can be no broader than that of the circuit court sitting in certiorari review and its scope of review was only to determine that the appellee county board of adjustment was acting within its jurisdiction and that in acting on the petition for a special exception the board did not depart from the essential requirements of law. However, in this plenary appeal from an order of the circuit court sitting in its certiorari review capacity our review authorizes us to determine if the circuit court was correct in its decision as a matter of law rather than our review being limited, as it would have been on certiorari, to a mere determination of whether the circuit court itself had jurisdiction and did not depart from the essential requirements of law. Therefore in this appeal we must look at the action of the board of adjustment in the exact same manner as did the circuit court but for the purpose of determining if the circuit court's conclusion was correct as a matter of law.
The Volusia County Code, section 51-11(A)(4), provides six criteria upon which evidence must be presented to warrant a special exception. There was evidence on each of these factors in the record before the circuit court supporting a finding in favor of a special exception and it is not the function of either certiorari or appellate review to re-weigh the board's determination of the weight of the evidence. Campbell v. Vetter, 392 So.2d 6 (Fla. 4th DCA 1980); Campbell v. Vetter, 375 So.2d 4 (Fla. 4th DCA 1979); Chastain v. Civil Service Board of Orlando, 327 So.2d 230 (Fla. 4th DCA 1976). Once the ordinance criteria was established it was the board's duty to grant the special exception unless the board also determined (as it did not) that such use would adversely affect the public interest. Rural New Town, Inc. v. Palm Beach County, 315 So.2d 478 (Fla. 4th DCA 1975). It is not an essential requirement of law that every fact finder make a formal written finding as to each factual determination. A conclusion includes an implied finding as to all factors necessary to that conclusion. Therefore, the board's failure to specifically state its findings, as contemplated by the ordinance, is not such a departure from essential requirements as law as to have required the circuit court to have quashed the board's grant of a special zoning exception. Accordingly, the circuit court's order denying certiorari is
AFFIRMED.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] Appellants argue that both certiorari and declaratory relief was allowed in a zoning controversy in Orange County v. City of Apopka, 299 So.2d 652 (Fla. 4th DCA 1974), and in City of Apopka v. Orange County, 299 So.2d 657 (Fla. 4th DCA 1974). Those cases merely illustrate that while certiorari, or a statutory remedy, is the proper action to review a decision made under an ordinance, a suit in equity for declaratory relief is the proper way to challenge the validity or constitutionality of an ordinance. In the cited cases the City of Orlando did both. See Bama Investors, Inc. v. Metropolitan Dade County, 349 So.2d 207 (Fla.3d DCA 1977), cert. denied, 359 So.2d 1217 (Fla. 1978).
[2] Even if this were not the case, the motion would still have been denied because Florida Rule of Appellate Procedure 9.040(c) directs that when an improper remedy is sought, this court must treat the cause as if the proper remedy had been sought.