422 So.2d 938 (1982)
SEMINOLE COUNTY BOARD OF COUNTY COMMISSIONERS, Appellant,
v.
Mildred LONG, Appellee.
No. 81-1421.
District Court of Appeal of Florida, Fifth District.
November 3, 1982.
Rehearing Denied December 8, 1982.
*939 David V. Kornreich of Muller, Mintz, Kornreich, Caldwell & Casey, P.A., Orlando, for appellant.
Treena A. Kaye, Sanford, for appellee.
COWART, Judge.
Appellee, an employee of Seminole County, was terminated upon an accusation that she made a threatening telephone call to another employee. In the telephone call, she allegedly told the second employee, a supervisor, that she did not want that supervisor to accompany their superintendent when the superintendent again came to talk to appellee and told the supervisor to "back off" or there were certain people in certain organizations who would "take care of" the supervisor. The county personnel board heard and approved her discharge and the Board of County Commissioners heard her appeal and affirmed. The circuit court granted appellee's petition for common law certiorari, found that the findings and conclusion of the personnel board did not comport with the essential requirements of law and due process and essentially quashed the order of the Board of County Commissioners approving appellee's discharge. Seminole County appeals the circuit court order granting the petition for writ of certiorari.
Section 400-07-02(a) of the county's personnel rules gives a number of examples of "major offenses" for which summary termination is appropriate. One of the examples given is "assault on another employee or supervisor." The charge against appellee was "assault on another employee (verbal), merit system rules and regulations, section 400-07-2.," and the specification of that charge was "your threatening telephone call to Mr. Milton J. Raw, station supervisor, Casselberry MVI station, on Wednesday, *940 August 20, 1980, at approximately 7 o'clock p.m." The circuit court defined "assault" in terms of its definition in civil tort law and granted certiorari because the act specified in the charge did not satisfy that definition, since "mere words or threats alone do not constitute an assault, unless together with other acts or circumstances they put the victim in reasonable apprehension of imminent harmful or offensive contact" [citing 4 Fla.Jur.2d Assault-Civil Aspects § 3 (1978)].
The threatening telephone call could constitute proper grounds for discharge. A number of cases affirm the rule that government employees may be discharged for "conduct unbecoming an employee." Kennett v. Barber, 159 Fla. 81, 31 So.2d 44 (1947); Weisbrod v. Florida Career Service Comm'n., 375 So.2d 1102 (Fla. 1st DCA 1979); City of Miami v. Babey, 161 So.2d 230 (Fla. 3d DCA 1964). Kennett, Babey and Miranda v. City of Miami, 185 So.2d 498 (Fla. 3d DCA 1966), approved discharge of city employees for conduct unbecoming a city employee where the conduct complained of was in itself a crime. Babey involved transportation of explosives in a motor vehicle without license or permit; Kennett involved discharge of a fireman who, while intoxicated, threw his wife to the ground and beat another woman; Miranda approved the discharge of a city employee who conspired to steal an automobile and possessed the stolen auto. From these cases, appellee argues that employees cannot be discharged for "conduct unbecoming an employee" unless the conduct is itself criminal. This argument fails to consider cases like Baynard v. Windom, 63 So.2d 773 (Fla. 1952), which approved discharge of nine city employees for being absent without leave, and Chastain v. Civil Service Board of Orlando, 327 So.2d 230 (Fla. 4th DCA 1976), which approved discharge of a police officer for shooting an escaping prisoner even though, under the facts of the case, he was not civilly or criminally liable for his conduct. Weisbrod's reversal of the discharge of a state employee for using profane and abusive language to police officers who arrested her outside of working hours, does not diminish the fact that the court stated that "no right of an employee rises above the right of the city" to promulgate and enforce "as high a standard of social and cultural conduct as its people want," which cannot be upset by the court "when the record reveals nothing more than an orderly attempt to enforce a reasonable standard of conduct on the part of city employees." Weisbrod, 375 So.2d at 1106, quoting from Kennett v. Barber. That the county contemplated that a summary discharge could be predicated on noncriminal conduct is shown by the fact that one of the examples of "major offenses" is "gross insubordination," which is certainly not a crime.
The circuit court on certiorari was too technical with the county. A complaint filed by an administrative agency is not required to fulfill the technical niceties of a pleading filed in a court of law. Such an administrative complaint must only be specific enough to inform the accused with reasonable certainty of the nature of the charge. The charge in this instance met that requirement. The administrative complaint was not so vague, indistinct and indefinite as to mislead the appellee or to embarrass her in the preparation of her defense. Appellee's position was that she did not make the telephone call, while the supervisor testified that she did. The personnel board of Seminole County determined as a matter of fact that the telephone call was made. All procedural due process requirements as to notice and opportunity to be heard were met and the Board of County Commissioners' approval of the findings and conclusions of the personnel board should not have been disturbed on certiorari.
After this case was briefed and argued and this opinion prepared, the supreme court issued City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982), holding that a district court of appeal could review a final circuit court order reviewing administrative action only by certiorari, despite the clear language of Article V, section 4(b)(1) of the *941 Florida Constitution.[1] We did not question the district court of appeal's jurisdiction to hear appeals from orders of the circuit court reviewing administrative action where the supreme court did not have such jurisdiction. Heretofore, this court had worked out that problem, giving effect to the plain language of article V, section 4, Florida Constitution, and holding that in such cases our scope of review might be as broad as, but never broader than, the circuit court's scope of review of the administrative action. McCray v. County of Volusia, 400 So.2d 511 (Fla. 5th DCA 1981); Odham v. Petersen, 398 So.2d 875 (Fla. 5th DCA 1981); County of Volusia v. Transamerica Business Corp., 392 So.2d 585 (Fla. 5th DCA 1980). Our view was based on the belief that the constitutional drafters knew the difference between the words "appeal" and "review" and that the constitutional provision was, not only applicable and binding, but was a well-conceived implementation of long established principles of constitutional magnitude.[2]
As a constitutional principle for the protection of individual liberty against arbitrary actions of governmental officials, the doctrine of separation of powers of government ranks equal to the guarantees in sections 9 and 10 of article I of the Constitution of the United States, in the first nine amendments thereto and in their state constitutional counterparts. See Art. II, § 3, Fla. Const. The fundamental idea of separation of powers is that the judiciary is the operative check on possible arbitrary *942 action by legislative and executive officers. Therein lies the difference between circuit court review of a judgment of a county court, itself a subdivision of the judicial system, and circuit court review of actions of an administrative body, which is a component of another branch of government. The county court judgment is presumed to have been correctly reached in an impartial and detached judicial forum and, on review by appeal, the circuit court is required to defer to the fact findings of the county court, it being the initial judicial tribunal; on certiorari review, the district court should defer to the substantive law applied by the circuit court as appellate court and review the circuit court action only for procedural due process. See Combs v. State, 420 So.2d 316 (Fla. 5th DCA 1982).
Under our constitution, the primary purpose of judicial review of executive action is to prevent arbitrary fact-finding and actions by the executive. Upon judicial review of administrative action in the circuit court, by certiorari or otherwise, the administrative action is entitled to none of the deference due initial judicial action. Such judicial "review" partakes more of the nature of an original judicial proceeding (which it is) than of a classic appeal of a lower judicial tribunal. The constitution gives litigants the right to one appeal from initial judicial action. A right of direct plenary appeal from a circuit court order reviewing administrative action to the district court of appeal was unquestioned until now. The constitutional provision adopted in 1972 appears to be merely an affirmation and guarantee of prior good law. We prefer this rationale as the basis for appellate review in this case, but if we must justify our review under the Deerfield rationale, then we can be deemed to have treated this appeal as a petition for certiorari under Florida Rule of Appellate Procedure 9.040(c) and to have found that the circuit court applied incorrect rules of law relating to the non-technical nature of pleading administrative complaints and as to the breadth of authority and grounds for an employer, even a governmental employer, to discharge an employee under the case law cited above.
The order of the circuit court quashing the board's decision is
REVERSED.
ORFINGER, C.J., and DAUKSCH, J., concur.
NOTES
[1] Adopted in 1972, Article V, section 4(b)(1), Florida Constitution, provides in pertinent part:

District courts of appeal shall have jurisdiction to hear appeals that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court. (emphasis added)
[2] In the prior constitution, Article V, section 5(c), Florida Constitution (1889), merely allowed "appeals from trial courts" to the district courts of appeal. Even though it did not specifically authorize appeals to district courts of appeal from final orders of the circuit court entered on review of administrative action, the supreme court held that litigants were entitled to such an appeal because the circuit court sitting in review of administrative action is acting as a "trial court."

This court has repeatedly held that where statutory administrative proceedings are had before administrative officers, boards, commissions or other tribunals, with statutory appeals to the circuit courts, such proceedings do not appear in the judicial department of the state government as a judicial "case" until they are brought to the circuit court by appeal; therefore, the "case" may be fairly regarded as originating in the circuit court through a statutory appeal from the administrative board as much as it would be so originating in the circuit court by injunction, certiorari or other original writ. South Atlantic S.S. Co. of Delaware v. Tutson, 1939, 139 Fla. 405, 190 So. 675; Duval Engineering & Contracting Co. v. Johnson, 1944, 154 Fla. 9, 16 So.2d 290; Alcoma Citrus Cooperative v. Isom, 1947, 159 Fla. 10, 30 So.2d 528.
These cases consistently support the reasoning that the Circuit Court sat as a trial court when it reviewed the "entire cause" on appeal from the order of the County Authority. Reason and logic also support this conclusion. Such proceedings before boards and commissions are so often conducted without regard to proper decorum or observance of the rules for introduction or consideration of evidence that the work of the circuit court consists largely in preparing an intelligent and orderly "case" for review by the appellate court. Reviewing the "entire cause" connotes consideration of every aspect of it by the circuit court.
* * * * * *
The intent of the Constitution in providing for appeals in "cases" is directed at controversies pending in the judicial system and not controversies pending before an administrative agency of the executive branch of our government; and an order of an administrative agency is not a decision in a "case" within the scope of Section 6 of Article V of the Constitution.
For the purposes of jurisdiction, an "appeal" to the circuit court pursuant to the statute becomes a "case" of original jurisdiction when it enters or is brought into the judicial system, if such an appeal is authorized by statute and the statute is not violative of the Constitution.
State v. Furen, 118 So.2d 6, 8-10 (Fla. 1960); accord, Wexler v. Ring, 125 So.2d 883 (Fla. 3d DCA 1961). The relevant portion of the constitution was replaced in 1972 by present Article V, section 4(b), Florida Constitution. The inclusion of the words "including those entered on review of administrative action" in the present section was undoubtedly intended to codify Furen's holding.