## BRANDON v. CITY OF CLEARWATER
### Case No. 84-4388
State of Florida, Division of Administrative Hearings
February 20, 1985

### APPEARANCES OF COUNSEL

**G. Michael McKenzie, Joseph S. Clark,** and **George W. Greer** for appellants.

**Thomas A. Bustin,** City Attorney, for respondent.

### OPINION

DONALD D. CONN, Hearing Officer.

Pursuant to notice, this case came on to be heard on January 23, 1985, in Clearwater, Florida before Donald D. Conn, a duly designated Hearing Officer of the Division of Administrative Hearings.

Jessie Brandon, as Administrator of the Estate of Charles B. Brandon, and TRECO Communities, Inc., Appellants, appealed the decision of the Board of Adjustment and Appeals on Zoning to deny their request for a special exception to construct a non-commercial, off-street parking lot on property zoned RS-50.

At the hearing Appellants called two witnesses and introduced one exhibit, the Respondent called one witness, and the tape of the hearing

before the Board on November 20, 1984, was admitted into evidence. One public witness testified and two letters from interested members of the public were received into evidence.

Proposed findings of fact and conclusions of law, submitted by the Appellant, have been considered by the Hearing Officer. In making the following findings of fact, all of Appellant's proposed findings of fact are approved with the exception of 3 and 7 which are rejected as subordinate, cumulative, immaterial, unnecessary or not based upon competent substantial evidence.

## FINDINGS OF FACT

1. Appellant, Jessie Brandon, as Administrator of the Estate of Charles B. Brandon, owns property located at 2715 Daniel Street, Ackers Subdivision, Block 2, Lots 19, 20, 21, and 22 in Clearwater, Florida. This property is zoned RS-50 and is currently vacant.

2. Appellant TRECO Communities, Inc., seeks to use Lots 10, 20, 21, and 22 for off-street non-commercial parking in connection with a proposed two story office building to be constructed adjacent to Lots 19, 20, 21, and 22. A total of 88 parking spaces are proposed.

3. The four lots for which the special exception is sought front on Daniel Street which is an unpaved road. The adjacent property on which the office building is proposed for construction fronts on State Road 580. All ingress and egress to the parking area would be from State Road 580 which is a heavily traveled, commercial roadway.

4. The proposed construction of parking on Lots 19, 20, 21, and 22 will have no impact on Daniel Street traffic.

5. Properties adjacent to, and in the immediate vicinity are presently being used to operate a nursery school, drug store, restaurant and fast food market. A high school is located across State Road 580 from the subject property.

6. A buffer of trees and shrubs will be provided around the border of the proposed parking area including along Daniel Street and between the proposed parking area, and nursery school. Appellant TRECO Communities, has also agreed to construct an appropriate chain link fence, block wall, steel railing or other like safeguard, as determined by Respondent, between the subject property and the property occupied by the day nursery.

## CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction over the parties to, and the subject matter of, these proceedings.

Section 131.016(f) and (g) of the Clearwater Code of Ordinances governs special exception uses and provides:

(f) *Special exceptions or uses—Application and hearing.* After a review of an application and hearing thereon if the board finds as a fact that the proposed use is consistent with the intent of the land use plan and zoning ordinance and with the public interest, the board may permit such special exception uses as are specifically provided for in each district. No special exception uses shall be granted except by an affirmative vote of three (3) members of the board.

(g) *Same—Considerations.* In determining ing whether to approve any regulated special exception, the board shall consider the following where applicable:

(1) Ingress and egress to property and proposed structures thereon with particular reference to automotive and pedestrian safety and convenience, traffic flow and control, and access in case of fire or catastrophe;

(2) Off-street parking and loading areas where required, with particular attention to the items in subsection (1) above, and economic, noise, glare or odor effects of the special exception on adjoining properties and properties generally in the district;

(3) Refuse and service areas, with particular reference to the items in subsection (1) and (2) above;

(4) Utilities with reference to locations, availability and compatibility;

(5) Screening and buffering with reference to type, dimensions, and character;

(6) Signs, if any, and proposed exterior lighting with reference to glare, traffic, safety, economic effect, compatibility and harmony with properties in the district;

(7) Required yards and other open space;

(8) Height;

(9) Landscaping;

(10) Renewal and/or termination dates;

(11) That the use will be reasonably compatible patible with surrounding uses in its function, its hours of operation, the type and amount of traffic to be generated, and building size and setbacks, its relationship to land values, and other factors that may be used to measure compatibility.

**195**

In granting any special exception, the board of adjustment may prescribe appropriate conditions and safeguards in conformity with this chapter. Violations of such conditions and safeguards, when made a part of the terms under which the special exception is granted, shall be deemed to be a violation of this chapter and punishable as provided by this chapter.

The law is well settled that a special exception use is one that should be authorized unless contrary to the public interest. *Oldham v. Peterson*, 398 So.2d 875 (Fla. 5th DCA 1981). *Rural New Town, Inc. v. Palm Beach County*, 315 So.2d 438 (Fla. 4th DCA 1975). No credible evidence was presented that the use of the property for parking as here proposed is contrary to the public interest.

Non-commercial off-street parking is allowed as a special exception in an RS-50 district. Section 131.043, Clearwater Code. Thus, this is a permitted use to which Appellant is entitled unless contrary to the public interest. Without evidence that this permitted use would be contrary to the public interest, Appellant is entitled to the special exception.

Based upon the foregoing, it is

ORDERED that the Appellant's request for a special exception is GRANTED and the decision of the Board of Adjustment and Appeal on Zoning is REVERSED.