UPCHURCH, Chief Judge.
Appellant appeals a final order of the circuit court setting aside a resolution of the Brevard County Commission rezoning its land.
On April 13, 1984, appellant petitioned for a rezoning of its property from agricultural to Planned Unit Development. On May 29, 1984, at a properly noticed public hearing, the Planning and Zoning Board considered appellant’s application. At the hearing, appellant made a presentation of its proposal to the Planning Board. The information presented related to the eleven factors which the Planning Board is required to consider when a Planned Unit Development request is made, pursuant to Code of Brevard County, Appendix C., Exhibit CC, ¶ J(2)(e). In addition to appellant’s presentation, the county staff presented its report. Several residents from the area, including the appellees, objected to the proposal and expressed their concerns. After consideration, the Planning Board voted for a recommended approval of appellant’s request.
On July 7, 1984, the application went before the Brevard County Board of County Commissioners at a properly noticed public hearing. Appellant again made a presentation regarding its project. The staff planner again testified and the local residents again voiced their objections to *989 appellant’s proposal. The County Commissioners also had before them the Planning Board file relating to appellant’s property. After consideration, the County Commissioners granted the rezoning request as shown by Resolution Z6733 of Brevard County, Florida.
In July of 1985, appellees each filed suit in the Circuit Court of Brevard County seeking to set aside the rezoning resolution. The suits were consolidated by order of the court on April 22, 1985. On October 8, 1985, the circuit court considered testimony, exhibits, and arguments and ordered that Resolution Z6733 be set aside. Although the court was of the opinion that there was substantial competent evidence before the County Commissioners to support the resolution, the court based its decision on a procedural defect in the proceedings. Specifically, the court stated:
The failure of the Planning and Zoning Board to comply with the mandate as to findings of fact pertaining to the PUD constitutes a departure from the essential requirements of law.... Part of the essential requirements of law is the very procedural mechanism the COUNTY prescribed for itself and assured the public regarding, namely, requiring the Planning and Zoning Board to benefit the COUNTY with findings of fact as well as a recommendation. The Plaintiffs have met their burden of proving the presumptively valid zoning resolution/ordinance to be defective.
The trial court interpreted provisions of the Code of Brevard County to require the Planning Board to submit written findings of fact regarding the eleven factors to be considered in making a recommendation for a Planned Unit Development application. The court further held that failure to follow this procedure rendered the zoning resolution defective.
Appellant argues that the submission of written findings of fact by the Planning Board, even if required by the Code of Brevard County, was not an essential procedure affecting the validity of the zoning ordinance. As authority for this position, appellant cites to Odham v. Petersen, 398 So.2d 875 (Fla. 5th DCA 1981), approved in part, 428 So.2d 241 (1983).[1] In Odham, a county ordinance required the Board of Adjustment to specifically state its findings with regard to six factors upon which a special zoning exception could be granted. This court held that failure to comply with this procedure was not an essential requirement of law because the Board’s conclusion included as an “implied finding ... all factors necessary to that conclusion.” Odham, 398 So.2d at 877. Appellant also notes that the Code of Brevard County does not require that the County Commissioners review the Planning Board’s recommendations. Section 30 of the Code, which pertains specifically to the Planning and Zoning Board, states in pertinent part:
(a) Creation, Duties: There is hereby created the Planning and Zoning Board of Brevard County. Said Board shall advise and assist the Board of County Commissioners on the following matters:
* * * * * *
(2) Proposed amendments to this Regulation and amendments to or adoption of other ordinances or regulations relating to zoning and land use within the County. Failure of the Board of County Commissioners to obtain the advise and assistance of said Board on such amendment or on such new ordinances or regulations shall not be interpreted or considered to affect the validity of such amendments or ordinances or regulations when adopted.
Code of Brevard County, Appendix C, § 30(a)(2). Furthermore, section 31, which pertains to amendments to the official zoning map, states:
(d) The Board of County Commissioners shall have the right at said public *990 hearing to deny or approve each application for amendment to the Official Zoning Map regardless of whether the Planning and Zoning Board has made a specific recommendation on such applications.
Code of Brevard County, Appendix C, § 31(d).
Section 30 and 31 of the code demonstrate that the County Commissioners are empowered to make zoning decisions without recommendation from the Planning Board. Because the code gives the commission authority to make zoning decisions independent of the Planning Board’s recommendations and directs the County Commission to make its own findings of fact, written findings of fact from the Planning Board cannot be an essential procedure, the omission of which would affect the validity of the zoning ordinance. Accordingly, the court below was clearly in error by finding otherwise.
In considering Planned Unit Development applications, the County Commissioners are required to base their decisions upon a de novo consideration of the same eleven factors which the Planning Board is required to consider.[2] The record demonstrates that in the present case, a hearing was held by the County Commissioners at which representatives for appellants, appel-lees, and county staff were permitted to express points of view and offer information. The County Commission had before it the Planning Board’s file containing extensive information concerning the property. The County Commission clearly exercised its fact-finding powers and the court below found that there was substantial competent evidence before it to support a decision either way.
We conclude, therefore, that because the code does not require the County Commission to base its decision solely upon the recommendations and fact finding of the Planning Board, that the submission of written findings of fact is not a necessary procedure, essential to validly enacting a zoning ordinance. There is evidence in the record showing that the County Commission considered the eleven factors. Appel-lees have not shown how the decision making process would have been different had the Planning Board followed the procedure stated in the code. Clearly, if the code does not require the County Commissioners to consider the recommendations of the Planning Board, then the failure of the Planning Board to submit written findings of fact could not have denied appellees procedural due process. Appellees have failed to show an injury as a result of the omission of the Planning Board, and furthermore, have failed to show a right to this procedure under the code. The trial court erred by finding that appellees have been denied due process.
REVERSED.
DAUKSCH and SHARP, JJ., concur.

. The Florida Supreme Court disapproved the portion of this court’s decision in Odham which conflicted with City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982), but approved the result reached on the remaining issues.

. Code of Brevard County, Appendix C, Exhibit CC, § 17, ¶ J(2)(f) states:
The decision of the Board of County Commissioners shall be based upon a consideration of the facts specified as review criteria for the Planning and Zoning Board in Subsection ⅛’ of this Subsection.