JORGENSON, Judge.
James Taube, a permanent employee of the Florida Keys Aqueduct Authority (FKAA), lost control of his employer’s truck while driving home after an evening of dinner and drinks with a friend. He crossed the highway median and flipped the vehicle. The investigating trooper charged him at the accident scene with careless driving and DUI. The trooper later testified to the strong smell of alcohol *91 on Taube’s breath. Taube refused a breathalyzer test. The trooper videotaped Taube’s responses to dexterity tests. As a result of its internal investigation, the FKAA terminated Taube on the following grounds: driving in an FKAA vehicle after consuming alcoholic beverages; apparent careless driving; wrecking the vehicle; refusing a sobriety test; and unauthorized personal use of an FKAA vehicle. In a separate criminal proceeding, the county court found Taube not guilty of DUI. Following a hearing, the Career Service Council of Monroe County reversed Taube’s termination by the FKAA and reinstated him. Taube appeals the council’s failure to award him back pay and lost fringe benefits; the FKAA cross-appeals his reinstatement. For the following reasons, we reverse the council’s decision.
In its order of reinstatement, the council noted:
The Career Service Council of Monroe County feels that the issues surrounding, one, apparently driving under the influence, and, two, driving carelessly in an FKAA vehicle has been settled in the County Court of Dade County, Florida, Case No. 97-925-BJ, 35-151-BM on October 22, 1986 and should not be relit-igated at this hearing.
The FKAA contends, and we agree, that the council’s refusal to consider the facts and evidence surrounding Taube’s accident constitutes reversible error.
By deferring to the outcome of the criminal proceeding against Taube, the council effectively discounted four of the FKAA’s five stated reasons for terminating Taube’s employment. Those four reasons directly related to the accident that precipitated Taube’s dismissal. The council erred in not considering all the available evidence before gauging the appropriateness of the FKAA’s disciplinary action. The outcome of the criminal action by the State of Florida against Taube does not collaterally estop the FKAA from relitigat-ing the facts and circumstances surrounding Taube’s accident. See City of Miami v. Babey, 161 So.2d 230 (Fla. 3d DCA 1964) (although municipal employee was acquitted of the criminal charge of transporting explosives without a permit, it would not necessarily follow that employee, ipso fac-to, should be exonerated of administrative charges). See also Seminole County Bd. of County Comm’rs v. Long, 422 So.2d 938 (Fla. 5th DCA 1982) (government employee’s conduct does not have to be criminal to warrant his summary dismissal), rev. denied, 431 So.2d 989 (Fla.1983); Chastain v. Civil Serv. Bd. of Orlando, 327 So.2d 230 (Fla. 4th DCA 1976) (police officer was appropriately discharged for shooting an escaping prisoner even though he was not civilly or criminally liable for his conduct).
We, therefore, reverse the Career Service Council’s decision reversing the FKAA’s decision to terminate Taube’s employment and remand with directions for the council to consider all the evidence surrounding the issue of Taube’s drinking and driving.
In view of our disposition, we need not address the issue of Taube’s back pay.
Reversed and remanded with directions.